UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RECEIPT # | 57931 |
| AMOUNT $ | 150 |
| SUMMONS ISSUED | N/A |
| LOCAL RULE 4.1 | |
| WAIVER FORM | |
| MCF ISSUED | |
| BY DPTY. CLK. | |
| DATE | 11-8-04 |

JOSEPH MAHER,

    Plaintiff

v.

GSI LUMONICS, INC. and
Charles Winston (individually),

    Defendants.

Civil Action No. _____

04 CV 12367 EFH

MAGISTRATE JUDGE Collings

## NOTICE OF REMOVAL FROM STATE TO FEDERAL COURT

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

1.    GSI Lumonics Inc. ("GSI" or "Defendant") is a Canadian corporation, named as a Defendant in a civil action brought by Plaintiff Joseph Maher (hereinafter, the "Plaintiff") in the Essex County Superior Court, entitled <u>Maher v. GSI Lumonics Inc. and Charles Winston,</u> Civil Action ESCV 2004-01606B.

2.    On October 19, 2004, the Plaintiff served the Complaint on GSI. On information and belief, service has not been made upon the individual defendant, Charles Winston, a resident of California. A copy of all of the process, pleadings, and orders served upon Defendant GSI are attached as <u>Exhibit A</u>.

3.    This is an action over which this Court has diversity jurisdiction and is removable under the provisions of 28 U.S.C. §§ 1332 and 1441.

4.  The Plaintiff is a resident of Wenham, Massachusetts. (Complaint Para. 1). Defendant GSI is a Canadian corporation which does not have its "principal places of business" in Massachusetts, although one of its subsidiaries has a place of business in Billerica, MA. (Complaint Para. 2) Defendant Charles Winston is an individual, and a resident of California. (Complaint Para. 3).

5.  The Complaint seeks compensatory, emotional distress damages, attorneys' fees, interest and costs for the Defendant GSI's (a) alleged termination of Plaintiff in violation of the state law prohibiting age discrimination (on which federal claim defendant was granted summary judgment in a prior action), (b) alleged violation of the covenant of good faith and fair dealing in connection with severance negotiations, and (c) alleged violation of the as yet unrecognized action of "public policy." The Plaintiff's claims exceed $75,000.

6.  Because the Defendant has filed this Notice of Removal within thirty days from service of the Defendant's Complaint, this action has been timely removed pursuant to 28 U.S.C. § 1446(b).

7.  The Defendant shall serve a written notice of the filing of this Notice of Removal upon the Plaintiff and shall file the same, together with a copy of the Notice of Removal, in Essex County Superior Court pursuant to 28 U.S.C. § 1446(d).

8.  Pursuant to Local Rule 81.1, Defendant GSI shall request from the Clerk of the Essex County Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the

506346

state court, and shall file the same with this Court within ten (10) days after the filing of this Notice of Removal.

WHEREFORE, Defendant GSI Lumonics, Inc. prays that the action now pending in the Essex County Superior Court be removed therefrom to this Court.

Respectfully submitted,

**GSI Lumonics, INC.**

By its attorneys,

*/s/ Debra Dyleski-Najjar*
Debra-Dyleski-Najjar, BBO 366730
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109-1775
617) 345-9000

Date: November 8, 2004

### CERTIFICATE OF SERVICE

I, Debra-Dyleski-Najjar, Esq., hereby certify that on the 8th day of November, 2004, I caused a copy of the foregoing to be served, via first-class mail, postage prepaid, on the following:

Martha Wishart, Esquire
McKenzie & Associates, P.C.
44 School Street
Boston, MA 02108

Clerk of Court's Office
Essex County Superior Court
145 High Street
Newburyport, MA 01950-3931

*/s/ Debra Dyleski-Najjar*
Debra Dyleski-Najjar, Esq.

3

506346