UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
JOSEPH MAHER,                 )
                              )
        Plaintiff             )
                              )
v.                            )
                              )   Civil Action No.  04CV-12367 EFH
GSI LUMONICS, INC. and        )
Charles Winston (individually),)
                              )
        Defendants.           )
_____ )
```

## DEFENDANT GSI LUMONICS, INC'S ANSWER TO
## COUNTS I, II, AND IV OF THE COMPLAINT

Now Comes the Defendant GSI Lumonics, Inc. and answers Counts I, II, and IV of the Complaint which are all Counts of Plaintiff's Complaint and Demand for Jury alleged against GSI Lumonics, Inc.:

## PARTIES

1. Defendant GSI admits the allegations in paragraph 1 of the Complaint.

2. Defendant GSI admits the allegations in paragraph 2 of the Complaint. By way of further response, Defendant GSI states that its "principal" place of business is not in Billerica, MA.

3. Defendant GSI admits the allegations in paragraph 3 of the Complaint.

506119

## FACTS

4. Defendant GSI admits the allegations in paragraph 4 of the Complaint, except by way of further response states that Maher worked for the semi-conductor division in Wilmington, MA.

5. Defendant GSI admits the allegations in paragraph 5 of the Complaint. By way of further response, Defendant states that Maher was 53 at the time of hire and 54 at the time of termination.

6. Defendant GSI admits the allegations in paragraph 6 of the Complaint.

7. With respect to Paragraph 7 of the Complaint, Defendant GSI admits that Plaintiff's title was changed to Vice President and General Manager, Semi-conductor Group, in or about October 2001. Defendant GSI denies each and every remaining allegation in paragraph 7 of the Complaint.

8. With respect to Paragraph 8 of the Complaint, Defendant GSI admits that Maher applied for and along with several other candidates was interviewed for the COO position. By way of further response, Defendant GSI states that the position was not filled. Defendant GSI denies each and every remaining allegation in paragraph 8 of the Complaint.

9. Defendant GSI denies each and every allegation in paragraph 9 of the Complaint.

10. Defendant GSI denies each and every allegation in paragraph 10 of the Complaint. By way of further response, Defendant GSI states that the COO position was not filled.

11. With respect to paragraph 11 of the Complaint, Defendant GSI states that on March 19, 2003, Defendant GSI provided Plaintiff with written confirmation of the status of his fiscal 2002 compensation which included an incentive plan. Such document speaks for itself. Defendant GSI denies each and every remaining allegation in paragraph 11 of the Complaint.

12. Defendant GSI is without sufficient knowledge or information to form an opinion as to Plaintiff's beliefs. By way of further response, Defendant GSI states that bonuses are determined in or about March of the fiscal year, and Defendant GSI paid Plaintiff in March 2003 all bonus monies to which he was entitled. Defendant GSI denies each and every remaining allegation in paragraph 12 of the Complaint.

13. Defendant GSI denies each and every allegation in paragraph 13 of the Complaint.

14. Defendant GSI denies each and every allegation in paragraph 14 of the Complaint.

15. Defendant GSI denies each and every allegation in paragraph 15 of the Complaint. By way of further response, Defendant GSI states that Maher participated in a conference call on or about September 6, 2002.

16. In reference to paragraph 16 of the Complaint, Defendant GSI admits that Maher participated in a conference call on Sept. 6, 2002, and that GSI's President, Charles Winston, participated telephonically. Defendant GSI denies each and every remaining allegation in paragraph 16 of the Complaint.

17. In reference to paragraph 17 of the Complaint, Defendant GSI states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations. Therefore, each and every allegation is denied.

18. In reference to paragraph 18 of the Complaint, Defendant GSI admits that Maher and Winston met on September 13, 2002. Defendant GSI denies each and every remaining allegation in paragraph 18 of the complaint.

19. In reference to paragraph 19, Defendant GSI admits that Winston terminated Maher on September 13, 2002 due to unacceptable and declining performance and attitude which culminated in insubordination when Maher walked out of the conference call on September 6, 2002. Defendant GSI denies each and every remaining allegation in paragraph 19 of the complaint.

20. Defendant GSI denies each and every allegation in paragraph 20 of the Complaint.

21. In reference to paragraph 21 of the Complaint, Defendant GSI admits that Maher wrote an email to Winston in which he requested reconsideration of the decision to terminate him and apologized for his rudeness on September 6, 2002.

Defendant GSI denies each and every remaining allegation in paragraph 21 of the Complaint.

22. Defendant GSI incorporates by reference its response to paragraph 22 of the Complaint as paragraph 22 is verbatim to the allegations in paragraph 21. Defendant GSI denies each and every remaining allegation in paragraph 22 of the Complaint.

23. In reference to paragraph 23 of the Complaint, Defendant GSI admits that Maher was given a Severance Agreement on September 13, 2002 which speaks for itself. Such agreement was again provided to Maher on September 18, 2002. Defendant GSI denies each and every remaining allegation in paragraph 23 of the Complaint.

24. In reference to paragraph 24 of the Complaint, Defendant GSI states that the Severance Agreement speaks for itself. Defendant GSI denies each and every remaining allegation in paragraph 24 of the Complaint.

25. Defendant GSI admits the allegation in paragraph 25.

26. In reference to Paragraph 26, Defendant GSI states that on October 10, 2002, it received a letter from Martha Wishart, counsel for the Plaintiff requesting Plaintiff's personnel file which was supplied on October 16, 2002. Defendant GSI denies each and every remaining allegation in paragraph 26 of the Complaint.

27. Paragraph 27 is argument to which no response is required. By way of further response, Defendant GSI states that the severance package speaks for itself and further states that it is undisputed that Maher was paid all bonus earned at the time the year end calculation was made as Ms. Palmer had assured Maher. Defendant GSI denies each and every remaining allegation in paragraph 27 of the Complaint.

28. With respect to Paragraph 28 of the Complaint, Defendant GSI admits that by letter dated October 25, 2002, sent by regular mail, Plaintiff requested an extension of time to consider the Separation Agreement. Defendant GSI denies each and every remaining allegation in paragraph 28 of the Complaint.

29. With respect to paragraph 29 of the complaint, Defendant GSI admits that Plaintiff's counsel called Defendant's General Counsel on October 25, 2002. Defendant GSI denies each and every remaining allegation in paragraph 29 of the Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint.

31. With respect to Paragraph 31 of the Complaint, Defendant GSI admits that GSI did not agree to an extension, as the time for accepting such Severance Offer had expired. Defendant GSI denies each and every remaining allegation in paragraph 31 of the Complaint.

32. Defendant GSI denies each and every allegation contained in Paragraph 32 of the Complaint. By way of further response, Defendant GSI states that counsel, after the deadline for acceptance of the offer had passed, informed Plaintiff's counsel that it was her understanding that Maher was not eligible for a bonus. However, as Ms. Palmer had assured Maher in writing, any bonus determination would be made after year end and he would be paid in March if any bonus was earned. At all times while such offer was open, Plaintiff had been assured of payment of any earned bonus.

33. With respect to Paragraph 33 of the Complaint, Defendant GSI admits that GSI did not agree to an extension, as the time for accepting such Severance Offer had expired. Defendant GSI denies each and every remaining allegation in paragraph 33 of the Complaint.

34. Defendant GSI denies each and every allegation in paragraph 34 of the Complaint. By way of further response, Defendant GSI states that the separation package was given to Plaintiff on Sept 13, 2002 and time for consideration of such package expired on October 28, 2002 without acceptance by Maher.

35. With respect to paragraph 35 of the Complaint, Defendant GSI states that General Counsel for GSI told Maher's counsel that she would discuss Plaintiff's demands with her client. Defendant GSI denies each and every remaining allegation in paragraph 35 of the Complaint.

36. Defendant GSI denies each and every allegation in paragraph 36 of the Complaint.

37. Defendant GSI denies each and every allegation in paragraph 37 of the Complaint. By way of further response, Defendant GSI states that after the deadline for accepting its severance offer expired, it did not entertain further demands by Plaintiff.

38. In reference to paragraph 38 of the Complaint, Defendant GSI admits that Plaintiff filed a Charge of Discrimination with the MCAD and the EEOC. Defendant GSI denies each and every remaining allegation in paragraph 38 of the Complaint.

39. Defendant GSI admits the allegations in paragraph 39 of the Complaint. By way of further response, Defendant GSI states that Palmer had assured Maher of such interpretation in writing and in fact paid the bonus after year-end eligibility determinations were made.

## COUNT I
*(Age Discrimination – M.G.L. c. 151B)*

40. Defendant GSI incorporates its answers to paragraph 1 through 39 by reference as though fully set forth herein.

41. Defendant GSI denies each and every allegation in paragraph 41 of the Complaint.

## COUNT II

### *(Breach of the Covenant of Good Faith and Fair Dealing)*

42. Defendant GSI incorporates its answers to paragraph 1 through 41 by reference as though fully set forth herein.

43. Defendant GSI denies each and every allegation in paragraph 43 of the Complaint.

44. Defendant GSI denies each and every allegation in paragraph 44 of the Complaint.

45. Defendant GSI denies each and every allegation in paragraph 45 of the Complaint.

46. Defendant GSI denies each and every allegation in paragraph 46 of the Complaint.

47. Defendant GSI denies each and every allegation in paragraph 47 of the Complaint.

48. Defendant GSI denies each and every allegation in paragraph 48 of the Complaint.  By way of further response, GSI states that Plaintiff was assured that the bonus, if any was earned, would be paid in or about the following March.

49. Defendant GSI denies each and every allegation in paragraph 49 of the Complaint.

## COUNT III

50-55.  As Count III alleges a complaint against Defendant Winston individually, Defendant GSI is not required to respond to paragraphs 50-55.

## COUNT IV

56.  Defendant incorporates its answers to paragraph 1 through 55 by reference as though fully set forth herein.

57.  Defendant GSI denies each and every allegation in paragraph 57 of the Complaint.

**EXCEPT AS EXPRESSLY ADMITTED HEREIN, DEFENDANT GSI DENIES EACH AND EVERY ALLEGATION IN THE COMPLAINT.**

## AFFIRMATIVE DEFENSES

Without taking any position as to whether such defenses below are affirmative or otherwise, Defendant GSI states the following defenses and affirmative defenses:

1. Plaintiff has failed to state any claims on which relief can be granted.

2. Plaintiff's claims are barred by the failure to exhaust administrative remedies.

3. Plaintiff was terminated for legitimate non-discriminatory reasons.

4. Plaintiff has not and cannot meet his burden to show that the reasons for Defendant's actions are pretextual.

5.      Plaintiff failed to timely accept the offer of severance which expired by its own terms.

6.      Plaintiff failed to mitigate his damages.

7.      Some or all of the damages, which Planitff seeks to recover, are barred by the workers compensation act.

8.      Plaintiff's claims are barred by the doctrine of res judicata.

9.      Plaintiff's claims are barred by the doctrine of collateral estoppel.

Respectfully submitted,

**GSI LUMONICS, INC.,**

By its attorneys,

/s/_____
Debra Dyleski-Najjar, BBO #366730
Doreen M. Zankowski, BBO #558381
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000

Dated: November 12, 2004

## CERTIFICATE OF SERVICE

I, Debra Dyleski-Najjar, attorney for the Defendant in the above matter, hereby certify that on this 12th day of November, 2004, I caused a copy of the foregoing to be served electronically upon **Martha M. Wishart, Esq. McKenzie & Associates, P.C., 44 School Street, Suite 1100, Boston, MA 02108**.

/s/_____
Debra Dyleski-Najjar