**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

**Debra Dyleski-Najjar, Esq.**
*E-Mail: dnajjar@haslaw.com*

November 24, 2004

*Via First-Class Mail*

Ms. Sandra Holahan
Courtroom Clerk/ECF
United States District Court
   for the District of Massachusetts
One Courthouse Way
Boston, MA 02110

RE:    **Joseph Maher v. GSI Lumonics, Inc., et al.**, U.S. District Court for the District
       of Massachusetts, Civil Action No. 04-CV-12367 EFH

       Maher v. GSI Lumonics, Inc. et al, Essex County Superior Court
       Civil Action No. 2004-01606-B

Dear Ms. Holahan:

On November 8, 2004, the above-referenced case was removed from state to federal court. Pursuant to Local Rule 81.1, enclosed for filing please find attested copies of all records and proceedings in the state court, as well as an attested copy of all docket entries in the state court.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Debra Dyleski-Najjar

DDN/lch
Enclosures

#508124 v1

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

### ESCV2004-01606
### Maher v GSI Lumonics Inc et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 08/30/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 11/18/2004 | Session | B - Civil-CtRm 1 (Newburyport) | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 11/28/2004 | Answer | 01/27/2005 | Rule12/19/20 | 01/27/2005 |
| Rule 15 | 01/27/2005 | Discovery | 06/26/2005 | Rule 56 | 07/26/2005 |
| Final PTC | 08/25/2005 | Disposition | 10/24/2005 | Jury Trial | Unknown |

### PARTIES

**Plaintiff**
Joseph Maher
Active 08/30/2004

Private Counsel 556694
Martha M Wishart
McKenzie & Associates
44 School St
Boston, MA 02108
Phone: 617-723-0400
Fax: 617-723-7234
Active 08/30/2004 Notify

**Defendant**
GSI Lumonics Inc
Service pending 08/30/2004

**Defendant**
Charles Winston
Service pending 08/30/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/30/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 08/30/2004 | | Origin 1, Type B22, Track F. |
| 11/10/2004 | 2.0 | Notice for Removal to the United States District Court filed by GSI Lumonics Inc |
| 11/18/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1606 B | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

| PLAINTIFF(S) Joseph Maher | DEFENDANT(S) GSI Lumonics, Inc.; Charles Winston |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Martha M. Wishart, 44 School St, Boston MA 02108 Board of Bar Overseers number: 556699 | ATTORNEY (if known) Debra Dyleski-Najjar, Esq. Hinckley Allen & Snyder, LLP 28 State St, Boston, MA |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .............................................. $
2. Total Doctor expenses ............................................... $
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses ................................... $
5. Total other expenses (describe) ................................... $
   Subtotal $
B. Documented lost wages and compensation to date ................... $ 100,000
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical and hospital expenses ..... $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A TRUE COPY ATTEST
_____
DEPUTY ASST. CLERK

$
TOTAL $ 100,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

FILED IN THE SUPERIOR COURT FOR THE COUNTY OF ESSEX AUG 30 2004
FILED IN THE SUPERIOR COURT FOR THE COUNTY OF ESSEX AUG 30 2004
CLERK

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 8/27/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2004-01606-B**

RE:  Maher v GSI Lumonics Inc et al

TO: Martha M Wishart, Esquire
McKenzie & Associates
44 School St
Boston, MA 02108



## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/28/2004 |
| Response to the complaint filed (also see MRCP 12) | 01/27/2005 |
| All motions under MRCP 12, 19, and 20 filed | 01/27/2005 |
| All motions under MRCP 15 filed | 01/27/2005 |
| All discovery requests and depositions completed | 06/26/2005 |
| All motions under MRCP 56 served and heard | 07/26/2005 |
| Final pre-trial conference held and firm trial date set | 08/25/2005 |
| Case disposed | 10/24/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (Newburyport)** at **Essex Superior Court.**

Dated: 08/30/2004                               Thomas H. Driscoll Jr.
                                                Clerk of the Courts

                                                BY: JoDee Doyle - Sheila Gaudette
                                                Assistant Clerk

Location: CtRm 1 (Newburyport)
Telephone: (978) 462-4474

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 494886 inidoc01 collado

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT
DOCKET NO. 04-1606B

---

JOSEPH MAHER,
    Plaintiff,

v.

GSI LUMONICS, INC. and
CHARLES WINSTON,
individually
    Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Joseph Maher ("Mr. Maher" or "Plaintiff"), is an individual residing at 3 Virginia Place, Wenham MA.

2. Defendant, GSI Lumonics, Inc. ("GSI" or "Defendant"), Canadian corporation, with a place of business in Billerica, MA.

3. Defendant, Charles Winton, is the President and CEO of GSI, and is an individual residing in California.

### FACTS

4. Joseph A. Maher, Jr. ("Mr. Maher" or "Plaintiff") was employed by GSI Lumonics, Inc., ("GSI" or "Defendant") from May 22, 2001 through September 13, 2002.

5. Mr. Maher was over the age of 40 at all times relevant hereto, having a date of birth of December 4, 1947.

6. Mr. Maher was hired as the General Manager of the Semiconductor Division. Mr. Maher reported to Charles Winston the President and CEO of GSI.

7. In November, 2002, Mr. Maher was promoted to Vice President and General Manager of the Semiconductor Unit.

FILED
SUPERIOR COURT
FOR THE COUNTY OF ESSEX
NOV 30 2004

CLERK

8. In approximately April, 2002, Mr. Maher became aware that the position of COO was available. He applied for the position.

9. Shortly thereafter, Mr. Maher had a conversation with Linda Palmer, head of Human Resources at GSI. Ms. Palmer stated that management was surprised that Mr. Maher had applied for the position, since, due to his age, they had only expected him to work for the company for a couple of years, and then they had anticipated that he would retire.

10. Mr. Winston also made a reference to Mr. Maher's age, when Mr. Maher applied for the position, stating that he was concerned that Mr. Maher was going to retire in the near future. Mr. Maher was not hired for the COO position.

11. In March, 2002, Mr. Maher was given a revised incentive plan, which enabled him to earn an amount equivalent of up to 50% of his salary if certain undefined quarterly goals were met. Mr. Maher was given the document outlining the new plan nearly at the end of the first quarter. Mr. Maher did not receive the definitions of the goals until part way through the second quarter.

12. Nevertheless, Mr. Maher believes he met the goals for the second and third quarters.

13. In May, 2002, Mr. Maher received a favorable review from Mr. Winston.

14. In approximately July or August, 2002, Mr. Winston expressed concern that Mr. Maher was thinking of leaving the company. Mr. Maher assured Mr. Winston that he was not considering leaving. Mr. Winston stated that he was pleased with Mr. Maher's performance

15. On September 6, 2002, Mr. Maher was on vacation. Mr. Maher was notified that he would have to attend a meeting on that date.

16. Mr. Maher attended the meeting, which Mr. Winston attended telephonically. The meeting was quite lengthy. After the subjects in reference to which the meeting had been called were discussed. Mr. Winston brought up a subject which he and Mr. Maher had previously discussed at length. Mr. Maher believed that the subject had been adequately addressed in his prior discussion with Mr. Winston. Mr. Maher excused himself from the meeting.

17. The following week, Mr. Maher took September 11, 2002, off to receive treatment for kidney stones. Mr. Maher had planned to take the two following days off, however, due to business needs, Mr. Maher came in on September 12, 2002.

2

18. On September 13, 2002, Mr. Winston and Mr. Maher had a meeting, at Mr. Maher's request, to discuss certain issues relating to the business of the SemiConductor Division.

19. After a lengthy discussion, Mr. Winston told Mr. Maher he was being terminated due to his rudeness in leaving the meeting on September 6, 2002. Prior thereto, nothing had been said to Mr. Maher regarding Mr. Maher leaving the meeting.

20. Upon information and belief, Mr. Maher has been replaced by a younger employee.

21. Mr. Maher wrote an e-mail to Mr. Winston on September 15, 2002, apologizing for leaving the meeting, and asking that he reconsider his decision. Mr. Winston did not respond to Mr. Maher's request to reconsider.

22. Mr. Maher wrote an e-mail to Mr. Winston on September 15, 2002, apologizing for leaving the meeting, and asking that he reconsider his decision. Mr. Winston did not respond to Mr. Maher's request to reconsider.

23. On or about September 18, 2002, Mr. Maher received a Severance Agreement, dated September 13, 2002, offering him three months severance pay, and giving him 45 days to consider the offer.

24. The Severance Agreement provided further, that if Mr. Maher accepted the offer, he would waive his right to any other compensation from the defendant, as well as any rights to sue the defendant.

25. Mr. Maher responded to the Severance Agreement by requesting that he receive six months severance pay, and asking if he was still eligible for bonus consideration. On September 30, 2002, Linda Palmer, the head of Human Resources for the defendant, e-mailed Mr. Maher, and told him that GSI was not willing to give him any additional severance. She also stated that, to the extent that he had earned any bonus, he would be able to receive it when the year end calculations were completed.

26. Thereafter, Mr. Maher retained counsel, who, on or about October 8, 2002, requested Mr. Maher's personnel file, in order to obtain a copy of the letter describing the bonus plan. The file was supplied on or about October 17, 2002.

27. The language of the release accompanying the severance package specifically stated that Mr. Maher would be waiving any rights to future payments. This language was inconsistent with Ms. Palmer's representation that Mr. Maher would be eligible for any earned bonus after the year-end calculations were completed.

3

28. On or about October 23, 2002, Mr. Maher's counsel requested an extension of the 45 day deadline, which was due to expire on November 4, 2002, to December 20, 2002.

29. On Friday, October 25, 2002, Mr. Maher's counsel called GSI's General Counsel to discuss the issue of the extension. Mr. Maher's counsel also called on several other occasions the following week.

30. Each time, a message was left for the General Counsel. In one or more of the messages, Mr. Maher's counsel stated that whether the language of the Severance Agreement precluded receipt of the bonus was a concern.

31. On or about October 31, 2002, GSI's General Counsel called Mr. Maher's counsel's office at approximately 8:00 p.m., and stated "we have to talk", but did not indicate whether GSI was granting the extension.

32. On or about November 4, 2002, GSI's General Counsel confirmed that GSI's interpretation of the Severance Agreement was that it precluded Mr. Maher's receiving any bonus.

33. Further, GSI's General Counsel informed Mr. Maher's counsel, that not only were they not going to allow an extension of time to negotiate the issue of eligibility for the bonus, but that, by their calculation, the deadline for acceptance of the offer had already passed.

34. GSI's counsel stated further that the 45 days ran from September 13, 2002, even though GSI was aware that Mr. Maher had not received the package until September 18, 2002.

35. However, GSI's General Counsel stated that she would discuss the issue of the bonus eligibility, and a brief extension of the time for acceptance with Mr. Winston.

36. Subsequently, on November 7, 2002, GSI's General Counsel informed Mr. Maher's counsel that GSI would not intend to change the language of the severance agreement to allow Mr. Maher to collect any bonus regardless of his eligibility. Further, GSI was not sure that it would extend the time for signing, but would consider doing so if Mr. Maher would sign the agreement in its current form.

37. Subsequently, on or about November 13, 2002, GSI indicated that it was not going to offer Mr. Maher any extension of the deadline to sign the severance agreement, even if he signed it without modification.

4

38. On or about December 27, 2002, Mr. Maher filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination, and the Equal Opportunity Commission.

39. In ensuing discovery, GSI now maintains that the language of the Severance Agreement did not preclude bonus eligibility, and in fact, the bonus was paid.

## COUNT I
## (Age Discrimination- M.G. L. c. 151B)

40. The plaintiff incorporates paragraphs 1 through 39 by reference, as though fully set forth herein.

41. The actions of the defendants as set forth above constitute age discrimination, in violation of M.G.L. c. 151B.

## COUNT II
## (Breach of Covenant of Good Faith and Fair Dealing)

42. The plaintiff incorporates paragraphs 1 through 41 by reference, as though fully set forth herein.

43. The plaintiff had a legitimate concern regarding the language of the Severance Agreement, and whether that language would prohibit him from obtaining a bonus.

44. The plaintiff made clear to the defendant that he was seeking an extension of time for signing the Severance Agreement in order to be certain that it did not preclude him from getting a bonus.

45. The defendant, upon information and belief, deliberately failed to return the Plaintiff's counsel's telephone calls in an effort to thwart the plaintiff's receipt of the benefits under the Severance Agreement.

46. When the Plaintiff did finally reach GSI's General Counsel, she confirmed that GSI's Interpretation of the Severance Agreement precluded receipt of the bonus payment.

47. GSI was aware that, if the language was interpreted to allow the payment of the bonus, the Plaintiff would have signed the Severance Agreement.

48. GSI now asserts, despite its General Counsel's statements, that it interpreted the language of the Severance Agreement as allowing for the bonus payment.

49. Had the plaintiff been assured of such an interpretation by the General Counsel in a timely fashion, he would have signed the Severance Agreement.

## COUNT III
### (Interference with Advantageous Relations Against Charles Winston, individually)

50. The plaintiff incorporates paragraphs 1 through 49 by reference, as though fully set forth herein.

51. The plaintiff had a business relationship with the corporate defendant both as his employer, and as the offeror of the severance package.

52. Upon information and belief, Mr Winston directed the Corporate counsel's actions set forth above.

53. Upon information and belief, Mr. Winston did so intentionally to deprive the plaintiff of the offered severance benefits.

54. Upon information and belief, Mr. Winston acted with actual malice for a purpose that was unrelated to the legitimate corporate interest.

55. Because the corporate defendant acted in the manner set forth above, upon information and belief, at Mr. Winston's behest, the plaintiff did not receive the severance benefits.

## COUNT IV
### (Public Policy)

56. The plaintiff incorporates paragraphs 1 through 55 by reference, as though fully set forth herein.

57. The actions of the defendants, set forth above violate public policy.

**WHEREFORE**, the plaintiff requests that the Court award him compensatory damages, emotional distress damages, attorneys fees, interest and costs, and such other relief as the Court deems just and proper.

**THE PLAINTIFF DEMANDS TRIAL ON ALL ISSUES SO TRIABLE.**

6

Joseph Maher,
By his attorneys,

August 27, 2004

_____
Martha M. Wishart, BBO#556694
McKenzie & Associates, P.C.
44 School Street, Suite 1100
Boston, MA 02108
(617) 723-0400

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH MAHER, <br><br> Plaintiff <br><br> v. <br><br> GSI LUMONICS, INC. and <br> Charles Winston (individually), <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) **04cv12367 EFH** <br> ) |

## NOTICE OF REMOVAL FROM STATE TO FEDERAL COURT

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS.

1. GSI Lumonics Inc. ("GSI" or "Defendant") is a Canadian corporation, named as a Defendant in a civil action brought by Plaintiff Joseph Maher (hereinafter, the "Plaintiff") in the Essex County Superior Court, entitled <u>Maher v. GSI Lumonics Inc. and Charles Winston,</u> Civil Action ESCV 2004-01606B.

2. On October 19, 2004, the Plaintiff served the Complaint on GSI. On information and belief, service has not been made upon the individual defendant, Charles Winston, a resident of California. A copy of all of the process, pleadings, and orders served upon Defendant GSI are attached as <u>Exhibit A</u>.

3. This is an action over which this Court has diversity jurisdiction and is removable under the provisions of 28 U.S.C. §§ 1332 and 1441.

4. The Plaintiff is a resident of Wenham, Massachusetts. (Complaint Para. 1). Defendant GSI is a Canadian corporation which does not have its "principal places of business" in Massachusetts, although one of its subsidiaries has a place of business in Billerica, MA. (Complaint Para. 2) Defendant Charles Winston is an individual, and a resident of California. (Complaint Para. 3).

5. The Complaint seeks compensatory, emotional distress damages, attorneys' fees, interest and costs for the Defendant GSI's (a) alleged termination of Plaintiff in violation of the state law prohibiting age discrimination (on which federal claim defendant was granted summary judgment in a prior action), (b) alleged violation of the covenant of good faith and fair dealing in connection with severance negotiations, and (c) alleged violation of the as yet unrecognized action of "public policy." The Plaintiff's claims exceed $75,000.

6. Because the Defendant has filed this Notice of Removal within thirty days from service of the Defendant's Complaint, this action has been timely removed pursuant to 28 U.S.C. § 1446(b).

7. The Defendant shall serve a written notice of the filing of this Notice of Removal upon the Plaintiff and shall file the same, together with a copy of the Notice of Removal, in Essex County Superior Court pursuant to 28 U.S.C. § 1446(d).

8. Pursuant to Local Rule 81.1, Defendant GSI shall request from the Clerk of the Essex County Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the

506346                                    2

state court, and shall file the same with this Court within ten (10) days after the filing of this Notice of Removal.

WHEREFORE, Defendant GSI Lumonics, Inc. prays that the action now pending in the Essex County Superior Court be removed therefrom to this Court.

Respectfully submitted,

**GSI Lumonics, INC.**

By its attorneys,

_____
Debra-Dyleski-Najjar, BBO 366730
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109-1775
617) 345-9000

Date: November 8, 2004

## CERTIFICATE OF SERVICE

I, Debra-Dyleski-Najjar, Esq., hereby certify that on the 8th day of November, 2004, I caused a copy of the foregoing to be served, via first-class mail, postage prepaid, on the following:

Martha Wishart, Esquire
McKenzie & Associates, P.C.
44 School Street
Boston, MA 02108

Clerk of Court's Office
Essex County Superior Court
145 High Street
Newburyport, MA 01950-3931

_____
Debra Dyleski-Najjar, Esq.

506346                              3