UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH MAHER,
Plaintiff,

v.

GSI LUMONICS, INC.
Defendants

CIVIL ACTION NO. 04-12367-EFH

## JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 16.1(D)

COME NOW the undersigned parties Joseph Maher and GSI Lumonics Inc., pursuant to Local Rule 16.1(D) and the Court's Notice of Scheduling Conference, and respectfully submit this Joint Statement of the Parties.[1] On November 8, 2004, this matter was removed from the Essex County Superior Court on diversity grounds.

In the prior federal action by Mr. Maher against GSI Lumonics, this Court granted summary judgment on April 9, 2004 to the Defendant on all federal claims. When the Court declined to exercise jurisdiction over the state law claims, Judge Harrington sent the case to the Essex County Superior Court as if the case was being remanded. After a hearing on June 29, 2004, Judge Billings dismissed the case because it was not properly before the Court as the case had not been filed in the state court initially. Plaintiff filed a new suit in state court on or about August 27, 2004, and the Complaint was served on Defendant GSI in or about October, 2004. The new Complaint asserted the following three state counts against GSI, his former employer: Count I, alleging age discrimination under state law; Count II, alleging Breach of the Covenant of Good Faith and Fair

---

[1] The individual Defendant Charles Winston was not served and is not a party to this proceeding.

#511430v1

Dealing; and Count IV, alleging violation of unspecified "public policy." Such counts or variations thereof were asserted in the first action.

I. **Plaintiff's Statement of the Case**

The Plaintiff alleges that he was the victim of age discrimination. While the Court previously ruled on this issue under the ADEA, none of the plaintiff's state law claims, including his claim under M.G.L. c. 151B, were ruled upon. The plaintiff asserts that, despite the slight difference in age between himself and his replacement, the comments of his employers, combined with the flimsy rationale for his termination supply additional evidence of age discrimination as required by Knight v. Avon Products, 438 Mass. 413 (2003).

Further, the plaintiff asserts that the employer failed to act in good faith in its dealings with him in reference to the severance package he was offered. As outlined in the complaint, the plaintiff was not presented with a complete severance package until five days after it the deadline began to run. The plaintiff requested a clarification of the language in the severance offer, and an extension of time to consider it. The employer failed to respond to the plaintiff's requests both for additional information and for additional time. The plaintiff alleges that the employer acted in bad faith by calculating the deadline from the date that the incomplete package had been offered to the plaintiff; and by deliberately failing to respond to the plaintiff until after the deadline, by the employer's calculation, had passed. As further acts of bad faith, the plaintiff states that, after responding, the employer agreed that it would review the language of the severance agreement, and give the plaintiff additional time to sign the severance agreement after making a determination as to whether to amend the agreement to address the plaintiff's concerns. Subsequently, however, the employer refused to either amend the severance agreement or to allow the plaintiff the option of accepting it in its unaltered form.

The plaintiff asserts that these actions were taken at the express direction of Charles

Winston, CEO, who was acting with malice against the plaintiff.

These actions violate public policy, because the plaintiff was entitled to full and accurate information regarding the severance agreement prior to making an election as to whether to accept it.

## II.     Defendant GSI Lumonics, Inc.'s Statement of the Case

GSI Lumonics states that all of the claims should be dismissed as a matter of law.

First, it is well and long established that such claims are barred by the doctrine of res judicata. Kale v. Combines Ins. Co of America, 924 F2d 1161 (1st Cir. 1991).

Second, Count I (alleging age discrimination) should be dismissed for the reasons found by this Court in its Memorandum and Order dated April 9, 2004 in which the Court granted Defendant summary judgment on the federal age claim. Specifically, Plaintiff's claim failed because Plaintiff (age 55) could not state a prima facie case because the person whom he alleges to have replaced him is within five years of Plaintiff's age. Further, Plaintiff could not proffer any facts to show that his termination for insubordination was a pretext for age discrimination. Maher was hired and fired within 16 months by the president, then age 61. Under state law, the age discrimination claim must be dismissed for the same reasons.

Third, Count II (alleging violation of the covenant of good faith and fair dealing) must be dismissed as it is well settled under state law that, in the absence of a contract, there is no such cause of action.

Fourth, Count IV (Public Policy) must be dismissed as there is no such cause of action in Massachusetts except where Plaintiff is discharged in violation of public policy – which is not at issue in this proceeding. Instead, Plaintiff seeks to impose a public policy obligation into negotiations, which the state courts have expressly rejected.

### III.  Rule 26(a)(1) Disclosures

Full disclosures and discovery occurred in the prior litigation which should be incorporated in this proceeding.

### IV.  Proposed Agenda of Matters to be Discussed at the Scheduling Conference

The parties propose to discuss the following with the Court at the Scheduling Conference, which is set for 2:00 PM. on January 11, 2005:

A. Discussion of Proposed Scheduling Order (set forth herein).

B. Discussion of Proposed Discovery Plan (set forth herein).

C. Discussion of Res Judicata.

D. Discussion of the disqualification of Martha Wishart, Esquire who is a necessary witness in view of the allegations made in Counts II and IV. All the allegations in such counts relate to her involvement in Maher's severance negotiations with GSI. She is the only plaintiff witness with knowledge of facts relating to such allegations.

E. Additional time needed by plaintiff to serve individual defendant. Counsel for GSI did not accept service for Charles Winton on the grounds that she is not his personal attorney. Service was sent via certified mail to Charles D. Winston on October 18, 2004, and was returned to plaintiff's counsel in mid-November, subsequent to delivery being attempted on three separate occasions.

### V.  Proposed Scheduling Order

The parties propose that the following dates and deadlines be included in the Court's Scheduling Order:

A. All parties shall be joined on or before **June 16, 2005.**

B. All motions for leave to amend the pleadings shall be filed on or before **June 16, 2005**.

C. All discovery shall be served so as to be completed on or before **October 1, 2005**.

D. Plaintiff shall, no later than **April 1, 2005**, make the expert disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

E. Defendant's objections, if any, to the sufficiency of Plaintiff's Rule 26(a)(2) expert disclosures shall be served on or before **May 15, 2005**. These objections need not extend to the admissibility of the designated expert's proposed testimony.

F. Plaintiff's designated experts shall be made available for deposition on mutually convenient dates on or before **September 15, 2005**.

G. Defendant shall, no later than **October 1, 2005**, make the expert disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

H. Plaintiff's objections, if any, to the sufficiency of defendant's Rule 26(a)(2) expert disclosures shall be served on or before **October 14, 2005**. These objections need not extend to the admissibility of the designated expert's proposed testimony.

I. Defendant's designated experts shall be made available for deposition on mutually convenient dates on or before **October 15, 2005**.

J. All dispositive motions shall be filed on or before **January 5, 2006**.

K. Any opposition to dispositive motions shall be filed on or before **February 4, 2006 or within 30 days of service of the summary judgment motion, whichever is sooner.**

L. The parties shall meet to discuss resolution of this case on or before **February 1, 2005**. The parties may agree upon a mediator or request that one be appointed by the Court.

M. The parties propose the following changes to the timing of disclosures made pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure: pretrial disclosures pursuant to Rule 26(a)(3)(A), Rule 26(a)(3)(B) and Rule 26(a)(3)(C) shall be due at least 60 days before trial, with objections due at least 30 days before trial.

N. Except with regard to in limine motions arising during the trial, in limine motions shall be filed at least thirty days before trial, and responses to in limine motions shall be filed at least fourteen days before trial

O. At this time, the parties' estimate on the length of trial is **2-3 days**.

P. The parties shall file a joint pretrial memorandum thirty days before trial.

Q. The parties request that a pretrial conference be held sometime after **March 8, 2006.**

R. The parties request that the Court consider setting this case for trial on a trial calendar in **May 2006**.

## VI. Proposed Discovery Plan

A. To date, the status of discovery is as follows: the parties will exchange any additional Initial Disclosures pursuant to Federal Rule 26(a)(1) on or before **January 16, 2005**. The parties have not yet served opening interrogatories or requests for the production of documents.

B. As noted above, the parties propose that all discovery be completed on or before October 1, 2005.

C. The parties propose that each deposition be limited to a maximum of eight hours of testimony, excluding breaks and objections by counsel, unless extended by agreement of the parties. Further, they propose that each side be limited to two depositions of persons not deposed in the prior litigation.

D.  A maximum of twenty-five (25) interrogatories by each party to any other party, unless otherwise agreed. Responses due thirty (30) days after service unless otherwise agreed pursuant to Fed. R. Civ. P. Rule 29.

## VII. Trial by Magistrate Judge

The parties do not consent to trial by a Magistrate Judge.

## VIII. Local Rule 16.1(D)(3) Certifications

The parties will submit Certifications at or before the Scheduling Conference.

Respectfully submitted,

| **JOSEPH MAHER,** | **GSI LUMONICS, INC.,** |
|---|---|
| By his attorneys, | By its attorneys, |
| /s/ | /s/ |
| Denzil D. McKenzie (BBO# 336420) | Debra Dyleski-Najjar, BBO #366730 |
| Martha M. Wishart (BBO# 556694) | Doreen M. Zankowski, BBO #558381 |
| MCKENZIE & ASSOCIATES, P.C. | HINCKLEY, ALLEN & SNYDER LLP |
| 44 School Street | 28 State Street |
| Boston, MA 02108 | Boston, MA 02109 |
| (617) 723-0400 | Phone: (617) 378-4132 |

Dated: January 4, 2005

**McKenzie & Associates, P.C.**
Counselors at Law

January 4, 2005

**Via Hand Delivery**

Ms. Sandra Holahan, Clerk
Unites States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

**Re: Maher v. GSI Lumonics, Inc., Case No. 04-12367EFH**

Dear Ms. Holahan:

Enclosed for filing and docketing in the above mentioned matter, please find the following:

Joint Statement of the Parties, Pursuant to Local Rule 16.1(D).

Due to technical difficulties, I was unable to file this electronically. I have also included a file copy for the Judge.

Thank you for your assistance. Please contact me with any questions.

Very truly yours,

Martha M. Wishart

cc: Debra Dyleski-Najjar, Esq.
    Joseph Maher
Enclosures

44 School Street, Suite 1100
Boston, MA 02108-4201
Tel. 617/723-0400 • Fax 617/723-7234