UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                 )
JOSEPH MAHER,              )
                                 )
        Plaintiff              )
                                 )
v.                                  )         Docket No. 04CV-12367-EFH
                                 )
GSI LUMONICS, INC.,       )
                                 )
        Defendant.      )
_____)

**DEFENDANT GSI'S
MOTION FOR SUMMARY JUDGMENTAND
REQUEST FOR ORAL ARGUMENT**

NOW COMES Defendant GSI Lumonics, Inc. ("Defendant") and moves this Court, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, for an order of dismissal and/or an order for summary judgment against Plaintiff Joseph Maher ("Maher") on all counts of the Complaint against GSI.[1]

As further stated in the Memorandum attached hereto, this action which is the second action against GSI for the same cause, hereinafter referred to as <u>Maher II,</u> is barred by the doctrine of res judicata. Further, even if not barred, there are no genuine issues of material fact and Defendant GSI is entitled to judgment as a matter of law on all counts. Specifically:

---

[1] The individual defendant has not yet been served, but has agreed through his counsel to accept service subject to disposition of this Motion. Should any part of this action against GSI survive summary judgment, which it should not, the individual defendant will accept service.

1. This second action by Maher is barred by the doctrine of res judicata;

2. In any event, as to **Count I** (alleging age discrimination in his termination of employment in violation of state law), Defendant is entitled to judgment as a matter of law for all the reasons found by this Court in the prior suit in which the Court granted Summary Judgment to GSI under the ADEA. Specifically, as a matter of law, Plaintiff fails to state any facts to show even prima facie case of age discrimination, and even, if he could, he has not and cannot proffer any facts to show that GSI's reason for termination is a pretext for age discrimination.  See Ex. A to Concise Statement, Memorandum and Order of this Court  in *Maher I*, dated April 9, 2004 (granting summary judgment on ADEA count); Knight v. Avon Products, 438 Mass. 413 (2003).

3. **Count II.**  As to Count III (alleging "Breach of the Implied Covenant of Good Faith"), Defendant is entitled to judgment as a matter of law because Plaintiff has not and cannot plead existence of any "contract" into which such covenant can be implied.  The Massachusetts courts have refused to extend such covenant to "negotiations" as plaintiff seeks to do here.

4. **Count IV**.  As to Count IV, broadly alleging "violation of public policy," there is no such cause of action recognized in Massachusetts.

WHEREFORE, Defendant GSI prays that this Court:

1. Enter summary judgment as a matter of law for Defendant GSI on all counts of Plaintiff's Complaint; and

2. Grant such other relief as is just and proper, including awarding Defendant GSI its costs and attorneys fees for frivolous litigation.

Respectfully submitted,

**GSI LUMONICS, INC.,**

516466

By its attorneys,

    /s/ Debra Dyleski-Najjar
Debra Dyleski-Najjar, BBO #366730
Doreen M. Zankowski, BBO #558381
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
Phone: (617) 345-9000

Dated: February 7, 2005

## CERTIFICATE OF CONFERRAL

As Counsel for GSI, I have conferred with Plaintiff's Counsel concerning disposition of pending counts, and the filing of Summary Judgment. Plaintiff does not concur in this dispositive motion.

    /s/ Debra Dyleski-Najjar
Debra Dyleski-Najjar

## REQUEST FOR HEARING

Defendant GSI Lumonics Inc. requests a hearing to assist the court by oral argument

    /s/ Debra Dyleski-Najjar
Debra Dyleski-Najjar

## CERTIFICATE OF SERVICE

I, Debra Dyleski-Najjar Esq., hereby certify that on the 7th day of February, 2005, I caused a copy of the foregoing to be served electronically, on Martha Wishart, Esquire via ECF.

    /s/ Debra Dyleski-Najjar
Debra Dyleski-Najjar

516466