UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH MAHER,            )
                         )
    Plaintiff,           )
                         )
v.                       )   Docket No. 04CV-12367-EFH
                         )
GSI LUMONICS, INC.,      )
And CHARLES WINSTON)
                         )
    Defendants.          )

**PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**A.    STATEMENT OF MATERIAL FACTS**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted, to the extent that Maher was terminated on or about September 13, 2002, and that insubordination was the reason stated by the employer.

5. Admitted.

**B.    June Review of Maher's Performance**

6. Admitted.

7. Admitted.

**C.    Termination of Maher**

8. Admitted.

9. Denied.  On September 6, 2002, while on vacation, Mr. Maher was asked to attend, and did attend, a special executive teleconference meeting, called by Mr. Winston.  <u>Maher Tr.</u>, 185, lines 5-10. (EXHIBIT A).  Mr. Maher attended the meeting for approximately four hours, and he

believed that all of the issues for which the meeting was called had been discussed. <u>Maher Tr.</u>, 181-82. (EXHIBIT A). After excusing himself and noting he needed to leave, Mr. Maher exited the special meeting. <u>Maher Tr.</u>, 182. (EXHIBIT A). Mr. Winston testified that the meeting continued for another 15 to 20 minutes after Mr. Maher's departure. <u>Winston Tr.</u> 70. (EXHIBIT C).

10.     Admitted to the extent that the testimony characterized by Defendant reflects that Maher exited the special meeting fifteen to twenty minutes early due to the redundancy of directives issued by Winston. <u>Maher Tr.</u>, 192, lines 3-5 (EXHIBIT A).

11.     Admitted.

12.     Admitted. Mr. Maher apologized to Mr. Winston when he heard from the other individuals attending the meeting that Mr. Winston was upset because he left the meeting. <u>Maher Tr.</u>, 193. (EXHIBIT A).

13.     Admitted.

14.     Denied. Maher denied the 'hang up' incident noted by Winston as a 'prior' act of insubordination, stating that it "absolutely never happened." <u>Maher Tr.</u>, 105, lines 14-24. (EXHIBIT A).

**D.    OFFER OF SEVERANCE**

15.     Denied. Mr. Maher briefly met with Ms. Palmer to quickly discuss the broad parameters of a severance package and certain COBRA and human resource related issues. <u>Maher Tr.</u>, 203, lines 20-24, 204, lines 1-7 (EXHIBIT A).

16.     Denied. Maher did not receive a full and formal severance offer on September 13, 2002, during a meeting with Ms. Palmer (see previous Response No. 15). Ms. Palmer provided draft and incomplete severance proposal documentation and noted to Mr. Maher that a more formal

2

package would be issued to him thereafter.  <u>Maher Tr.</u>, 204, lines 22-24, 205, 1-24, 206, 1-12, 208, lines 8-19 (EXHBIT A).

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied.  Ms. Palmer's e-mail stated "any earned bonus is paid after a year end audit is complete." <u>September 30 email string between Palmer and Maher</u>. (EXHIBIT H).  The Severance Agreement stated that the Plaintiff was entitled to salary and wages earned through his termination date, and states further "You will only be entitled to the payments and benefits described above, and no other payments or benefits" See <u>GSI Severance Letter Offer</u>. (EXHIBIT I).  Defendant's subsequent email communication from GSI General Counsel Casal, expressly provided that Maher would waive any rights he would have to any earned incentive bonus. <u>November 7, 2002 Casal email to Plaintiff's Counsel.</u> (EXHIBIT M); <u>November 8, 2002 email string between Casal and Plaintiff's Counsel.</u> (EXHIBIT N)**.**

22. Admitted solely to the extent that Maher was paid a net bonus of $10,930.45 on or about March 7, 2003.

**E.    Maher's Retention of Counsel & Inability to Acceptance of Severance**

23. Admitted.

24. Denied.

25. Denied.  Mr. Maher did not understand that his bonus would be paid under the Severance Agreement.  Mr. Maher had received an e-mail from Ms. Palmer stating "any earned bonus is paid after a year end audit is complete." <u>September 30 email string between Palmer and Maher</u>.

3

(EXHIBIT H). The Severance Agreement stated that the Plaintiff was entitled to salary and wages earned through his termination date, and states further "You will only be entitled to the payments and benefits described above, and no other payments or benefits" See GSI Severance Letter Offer. (EXHIBIT I). Defendant's subsequent email communication from GSI General Counsel Casal, expressly provided that Maher would waive any rights he would have to any earned incentive bonus. November 7, 2002 Casal email to Plaintiff's Counsel. (EXHIBIT M); November 8, 2002 email string between Casal and Plaintiff's Counsel. (EXHIBIT N).

26.   Admitted.

27.   Denied. GSI never communicated its decision not to grant the extension to Plaintiff. Rather, GSI made itself unavailable to Plaintiff to confirm, despite the repeated requests and attempts by Plaintiff's counsel subsequent to October 23, 2002, and, prior to October 28, 2002, and, November 4, 2002, respectively, to contact GSI to ascertain their position on the inconsistent terms presented to Mr. Maher for consideration. See November 7, 2002 Casal email to Plaintiff's Counsel. (EXHIBIT M); November 8, 2002 email string between Casal and Plaintiff's Counsel. (EXHIBIT N).

28.   Denied. Mr. Maher was deprived of a meaningful opportunity to determine the terms of the Severance Agreement. See September 30 email string between Palmer and Maher. (EXHIBIT H); GSI Severance Letter Offer. (EXHIBIT I); November 7, 2002 Casal email to Plaintiff's Counsel. (EXHIBIT M); November 8, 2002 email string between Casal and Plaintiff's Counsel. (EXHIBIT N).

29.   Admitted.

**E.    Summary Judgment in Maher I**

30.   Admitted.

4

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted

35. Admitted.

36. Admitted.

37. Admitted.

                                      Respectfully submitted,
                                      Joseph Maher,
                                      By his Attorneys,

Dated: February 19, 2005        /S/ Martha M. Wishart
                                      Martha M. Wishart (BBO No. 556694)
                                      McKenzie & Associates, P.C.
                                      44 School Street, Suite 1100
                                      Boston, MA 02108
                                      (617) 723-0400

## CERTIFICATE OF SERVICE

      I, Martha M. Wishart, attorney for the Plaintiff in the above matter, hereby certify that on this 19th day of February, 2005, I caused a copy of the foregoing to be served electronically upon Doreen M. Zankoswi, Esq.; Debra Dyleski-Najjar, Esq. and Daniel Lyne, Esq. electronically via ECF.

    /S/ Martha M. Wishart
    Martha M. Wishart

I

5