UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * * * * * * * * *

JOSEPH MAHER,
        Plaintiff

      v.                    CIVIL ACTION NO.:
                                 04-12367-EFH

GSI LUMONICS, INC.,
        Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

February 28, 2005

HARRINGTON, S.D.J.

     The Court grants Defendant's Motion for Summary Judgment. This case is the second suit filed by Plaintiff Joseph Maher, a citizen of Massachusetts, against Defendant GSI Lumonics, Inc., a Canadian corporation. In the first case, plaintiff stated in both his Complaint and First Amended Complaint that the "Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 [i.e., federal question jurisdiction]." Plaintiff claimed violations of the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. Plaintiff also asserted two state-law claims, namely, age discrimination under Mass.Gen.L. ch. 151B and breach of the covenant of good faith and fair dealing. On April 9, 2004, the Court dismissed plaintiff's federal claims, declined to exercise pendent jurisdiction over the remaining state-law claims, and transferred the case to state court. At no time did plaintiff invoke the Court's diversity jurisdiction.

     Plaintiff then filed a second suit in state court asserting the two state-law claims he had previously alleged along with a new claim that defendant's acts violated public policy.[1]

---

[1] At the behest of the state-court judge, plaintiff filed a new complaint in the second action.

Defendant timely removed the case to federal court, invoking the Court's diversity jurisdiction. Thereafter, defendant filed the instant summary judgment motion.

Under Kale v. Combined Insurance Co. of America, 924 F.2d 1161 (1st Cir. 1991), plaintiff's state-law claims are barred under the doctrine of *res judicata*. See also Shaver v. F.W. Woolworth Co., 840 F.2d 1361 (7th 1988). Attempting to distinguish Kale, plaintiff points out that the district court judge dismissed the state-law claims without prejudice, whereas, here, the Court transferred the case to state court.

Plaintiff's argument is unavailing. Assuming, without deciding, that there is a distinction between these two procedural mechanisms, the crux of the Kale opinion was the existence of diversity jurisdiction and the plaintiff's failure to invoke such jurisdiction upon the district court's dismissal of the federal claims. See 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 4412 at 287 & n.17 (2002) (discussing Kale and Shaver with approval). Because plaintiff did not invoke diversity jurisdiction in his Complaint or First Amended Complaint, and because plaintiff never apprised the Court of this alternate jurisdictional basis, the doctrine of *res judicata* now bars plaintiff from asserting his state-law claims in federal court.

Accordingly, Defendant's Motion for Summary Judgment is granted.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge